MAY, J.,
delivered the opinion of the court. The principles upon which this writ is demanded, would require the circuit courts to award one to a judgment of a magistrate for one cent; and would constitute them appellate tribunals, to revise all judgments of the county courts and justices of the peace, however small the amount in controversy. Such a course would be in opposition to the plain meaning of all our statutes in relation to small debts, to the construction of them which has universally prevailed, and to the uniform practice of the countrj, under every modification of them. The court would be reluctant to sustain a proceeeding, which might lead to such consequences; and especially one, which, for the purpose now sought to be effected, may be regarded as almost obsolete in this commonwealth. We know of no '"'instance, in which this writ has been used in Virginia, as a mere substitute for the writ of error or super-sedeas.
But the cirquit court law, 1 Rev. Code, ch. 69, $ 9, p. 230, which limits the jurisdiction of these courts to “causes, matters and things, which shall amount to one hundred dollars, whether brought before them, by original process, habeas corpus, appeal,, writ of error, supersedeas, mandamus, cer-tiorari to remove proceedings for any purpose, or by any other legal ways and means whatever,” furnishes a conclusive answer to all the arguments which have been urged in support of this application. There are some exceptions to the limit here prescribed (as, for example, writs of supersedeas to judgments of the county courts for thirty-three dollars thirty-three cents) but there is no one of them, which can by implication even, comprehend this novel, extensive and mischievous jurisdiction.
Without deciding any other question, therefore, this court unanimously certifies to the said circuit court, that it hath no power to award the writ of certiorari as prayed for in this case.